**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4732

PAULINE E. MCCASKILL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-96-16)

Submitted: May 1, 1997

Decided: May 13, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Geoffrey S. Mearns, Assistant United States Attorney,
Anne M. Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pauline E. McCaskill appeals the sentence stemming from her conviction for knowingly stealing and converting to her own personal use property of the United States, in violation of 18 U.S.C. § 641 (1994). On appeal, McCaskill asserts that during sentencing, the district court erroneously increased her base offense level on the rationale her crime involved more than minimal planning. The Government contends that McCaskill failed to raise this issue before the district court and has forfeited appellate review. We affirm.

McCaskill opened a personal checking account in May 1995. Between June 2, 1995, and June 26, 1995, McCaskill issued eight checks, in the amount of $200 each, to the Morale, Welfare and Recreation facilities at the United States Marine Corps base at Camp Lejeune. McCaskill admits that when she wrote these checks, she knew that she had insufficient funds in the account to cover the checks.

Because McCaskill wrote eight worthless checks to the same payee in a three-week period, the probation officer who prepared McCaskill's presentence report ("PSR") suggested a two-level increase to her base offense level because the offense involved more than minimal planning.[1] McCaskill argued for a downward departure and leniency during sentencing, but she did not object to the factual representations contained in her PSR; neither did she object to the calculation of her sentence under the guidelines.[2] The district court then

_____

[1] United States Sentencing Guidelines Manual, § 2B1.1(b)(4)(A) (Nov. 1995).
[2] With a total offense level of six and a criminal history category of V, McCaskill's sentence under the guidelines ranged from nine to fifteen months imprisonment. USSG Ch. 5, Pt. A.

2

adopted the recommendations outlined in the PSR and sentenced McCaskill to be imprisoned for twelve months and one day, to be followed by thirty-six months supervised release. The district court also ordered McCaskill to pay restitution.

A defendant's failure to object to a sentencing issue amounts to a waiver of his right to raise that issue on appeal, absent plain error. See United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993). Plain error exists when (1) an error was committed, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano , 507 U.S. at 725, 732-36 (1993) (quoting United States v. Young, 470 U.S. 1, 15 (1985)); see United States v. Ford, 88 F.3d 1350, 1355-56 (4th Cir. 1996).

We find that the district court did not commit plain error in giving McCaskill a two-level increase for more than minimal planning. Such an increase is appropriate when a defendant's offense involves "repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. (n.1(f)). Here, within a three-week period, McCaskill knowingly issued eight worthless checks to an agency of the United States government. Further, there was no evidence to support a theory that any of these instances were purely opportunistic. Therefore, finding no error, we conclude that McCaskill has waived appellate review. Accordingly, we affirm McCaskill's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3